UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CLARENCE LINDLE,

    Plaintiff,

v.                                        Case No.:  2:20-cv-462-MRM

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

**OPINION AND ORDER**

Plaintiff Clarence Lindle filed a Complaint on June 29, 2020.  (Doc. 1). Plaintiff seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying his claim for a period of disability and disability insurance benefits.  The Commissioner filed the transcript of the administrative proceedings (hereinafter referred to as "Tr." followed by the appropriate page number), and the parties filed a joint memorandum detailing their respective positions.  (Doc. 31).  For the reasons set forth herein, the decision of the Commissioner is **REVERSED AND REMANDED** pursuant to § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

**I.**        **Social Security Act Eligibility**

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a

continuous period of not less than twelve months. 42 U.S.C. §§ 416(i), 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505, 416.905. The impairment must be severe, making the claimant unable to do her previous work or any other substantial gainful activity that exists in the national economy. 42 U.S.C. §§ 423(d)(2), 1382c(a)(3); 20 C.F.R. §§ 404.1505 - 404.1511, 416.905 - 416.911. Plaintiff bears the burden of persuasion through step four, while the burden shifts to the Commissioner at step five. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).

## II.     Procedural History

Plaintiff protectively filed a claim for a period of disability and disability insurance benefits on February 26, 2019, alleging a disability onset date of February 1, 2019. (Tr. at 12).[1] Plaintiff's claim was denied at the initial level on May 31, 2019, and upon reconsideration on June 21, 2019. (*Id.* at 12, 99, 113). Plaintiff requested an administrative hearing, which was held on December 12, 2019, before Administrative Law Judge ("ALJ") Eric Anschuetz. (*Id.* at 43-86). The ALJ issued an unfavorable decision on January 29, 2020. (*Id.* at 9-30). On April 30, 2020, the Appeals Council denied Plaintiff's request for review. (*Id.* at 1-8). Plaintiff then filed her Complaint with this Court on June 29, 2020, (Doc. 1), and the parties consented

---

[1] The SSA revised the rules regarding the evaluation of medical evidence and symptoms for claims filed on or after March 27, 2017. *See* Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5844-01, 5844 (Jan. 18, 2017). The new regulations apply in Plaintiff's case because Plaintiff filed his claim after March 27, 2017.

to proceed before a United States Magistrate Judge for all purposes, (Docs. 20, 23). The matter is, therefore, ripe.

III.     **Summary of the Administrative Law Judge's Decision**

An ALJ must follow a five-step sequential evaluation process to determine if a claimant has proven that he is disabled. *Packer v. Comm'r of Soc. Sec.*, 542 F. App'x 890, 891 (11th Cir. 2013) (citing *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999)). An ALJ must determine whether the claimant: (1) is performing substantial gainful activity; (2) has a severe impairment; (3) has a severe impairment that meets or equals an impairment specifically listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) can perform his past relevant work; and (5) can perform other work of the sort found in the national economy. *Phillips v. Barnhart*, 357 F.3d 1232, 1237-40 (11th Cir. 2004). The claimant has the burden of proof through step four and then the burden shifts to the Commissioner at step five. *Hines-Sharp v. Comm'r of Soc. Sec.*, 511 F. App'x 913, 915 n.2 (11th Cir. 2013).

The ALJ found that Plaintiff "meets the insured status requirements of the Social Security Act through December 31, 2023." (Tr. at 14). At step one, the ALJ found that Plaintiff "has not engaged in substantial gainful activity since February 1, 2019, the alleged onset date (20 [C.F.R. §] 404.1571 *et seq.*)." (*Id.*). At step two, the ALJ found that Plaintiff has the following severe impairments: "diabetes mellitus; peripheral neuropathy; and adjustment disorder with mixed anxiety and depressed mood (20 [C.F.R. §] 404.1520(c))." (*Id.*). At step three, the ALJ determined that Plaintiff "does not have an impairment or combination of impairments that meets or

3

medically equals the severity of one of the listed impairments in 20 [C.F.R.] Part 404, Subpart P, Appendix 1 (20 [C.F.R. §§] 404.1520(d), 404.1525 and 404.1526)." (*Id.* at 15).

At step four, the ALJ found that Plaintiff has the residual functional capacity ("RFC"):

> to perform light work as defined in 20 [C.F.R. §] 404.1567(b) except lift and/or carry 20 pounds occasionally, 10 pounds frequently. Stand and/or walk 6 hours in an 8-hour workday. Sit 6 hours in an 8-hour workday. Occasionally climb ladders and scaffolds. Frequently climb ramps and stairs. Frequently balance, stoop, kneel, crouch, and crawl. He should avoid concentrated exposure to workplace hazards such as unprotected heights and unshielded rotating machinery. Limited to simple tasks. He can have frequent interaction with supervisors, coworkers, and the public.

(*Id.* at 17). The ALJ also determined that Plaintiff "is unable to perform any past relevant work (20 [C.F.R. §] 404.1565)." (*Id.* at 24).

At step five, considering Plaintiff's age, education, work experience, and RFC, the ALJ determined that "there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 [C.F.R. §§] 404.1569 and 404.1569(a))." (*Id.* at 25). Specifically, the ALJ, relying on Vocational Expert ("VE") testimony, found that Plaintiff could perform the following jobs that exist in significant numbers in the national economy: Electronics Worker (DOT# 726.687-010); Small Product Assembler (DOT# 739.687-030); and Assembler (DOT# 706.687-010). (*Id.*). For these reasons, the ALJ held that Plaintiff "has not been

under a disability, as defined in the Social Security Act, since February 1, 2019, through the date of this decision (20 [C.F.R. §] 404.1520(g))." (*Id.*).

## IV. Standard of Review

The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standard, *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988), and whether the findings are supported by substantial evidence, *Richardson v. Perales*, 402 U.S. 389, 390 (1971). The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla—*i.e.*, the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982); *Richardson*, 402 U.S. at 401).

Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that "the evidence preponderates against" the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560; *accord Lowery v. Sullivan*,

979 F.2d 835, 837 (11th Cir. 1992) (a court must scrutinize the entire record to determine reasonableness of factual findings).

V.     Analysis

On appeal, Plaintiff raises three issues. As stated by the parties, the issues are:

1. Whether the ALJ erred by finding Plaintiff's chronic bilateral low back pain with bilateral sciatica and abnormal gait are "non-severe;"

2. Whether the ALJ failed to consider Plaintiff's impairments in combination; and

3. Whether the ALJ's rejection of Plaintiff's subjective allegations is unsupported.

(Doc. 31 at 15). The Court starts with the second issue because it necessitates remand.

### A.     Whether the ALJ Failed to Consider Plaintiff's Impairments in Combination.

As his second argument, Plaintiff contends that the ALJ's alleged error "in finding Plaintiff's chronic bilateral low back pain with bilateral sciatica and abnormal gait are non-severe, . . . tainted his findings at the remaining steps of the sequential evaluation." (Doc. 31 at 32 (internal quotations omitted)).[2] Specifically, Plaintiff argues that the ALJ disregarded the impairments with respect to Plaintiff's ability to

---

[2] Although Plaintiff first argues that the ALJ erred in finding the impairment non-severe, (*see* Doc. 31 at 15-25), the Court need not assess whether substantial evidence supports the ALJ's decision. Rather, even if substantial evidence supported the ALJ's finding that the impairment was non-severe, the ALJ nonetheless needed to consider the impairment when determining Plaintiff's RFC. *See* 20 C.F.R. § 404.1545(a)(2). For the reasons set forth in this Order, the Court finds that the ALJ failed to do so.

6

stand and walk. (*Id.* at 32-33). In support, Plaintiff asserts that the ALJ only identified Plaintiff's neuropathy and diabetes when addressing Plaintiff's allegations of difficulty with standing or walking. (*Id.* at 33 (citing Tr. at 18)).

Additionally, Plaintiff maintains that "the ALJ's decision is otherwise void [sic] of any discussion or identification of Plaintiff's medically determinable 'chronic bilateral low back pain with bilateral sciatica' and Plaintiff's 'abnormal gait.'" (*Id.* (citation omitted)). Plaintiff contends that "proper consideration of Plaintiff's standing and walking limitations" resulting from his back, sciatica, and gait impairments "cannot be gleaned from the ALJ's statements about other evidence in the record." (*Id.* at 33-34 (citing Tr. at 18)). In support, Plaintiff essentially argues that the ALJ's discussion of visit notes are limited to only notes pertaining to either diabetes, neuropathy, or Plaintiff's mental health impairments. (*See id.*).

Furthermore, Plaintiff contends that the evidence that the ALJ cites supports the existence of standing and walking limitations. (*Id.* at 34-35 (citing Tr. at 18-21)).

Finally, Plaintiff argues that even if this Court believes that the ALJ considered the impairments and "implicitly found that they imposed no significant limitations on his work-related capacities, this Court should not affirm because the ALJ has failed to articulate sufficient reasoning to enable the Court to determine that the proper legal analysis has been conducted." (*Id.* at 35 (citing *Schink v. Comm'r of Soc. Sec.*, 935 F.3d 1245, 1269 (11th Cir. 2019); *Stemm v. Saul*, No. 8:19-cv-1022-T-CPT, 2020 WL 5813320, at *6-7 (M.D. Fla. Sept. 30, 2020))).

In response, Defendant argues that "[t]he ALJ thoroughly reviewed and cited substantial evidence to support his finding that Plaintiff's impairments, taken singularly or in combination, did not render him disabled." (*Id.* at 36 (citing Tr. at 16-26)). Thus, Defendant contends that the Court should affirm the decision because the ALJ "carefully review[ed] the record, delineate[d] his findings with attention to the full record, and render[ed] findings grounded in substantial evidence from that record." (*Id.*).

In support, Defendant maintains that (1) the ALJ discussed Plaintiff's diagnoses and evidence regarding his conditions when assessing their severity; (2) the ALJ explicitly stated that he considered Plaintiff's impairments and combination of impairments; and (3) the ALJ expressly found that "Plaintiff does not have 'an impairment or combination of impairments' that met or medically equaled a listed impairment." (*Id.* at 36-37 (citing Tr. at 16-26)). Defendant contends that these findings are sufficient to show that the ALJ considered the combined effect of Plaintiff's impairments. (*Id.* at 37 (citations omitted)).

Additionally, Defendant distinguishes the instant case from the cases cited by Plaintiff. (*Id.* at 37-38 (distinguishing the facts of *Schink*, 935 F.3d 1245 and *Stemm*, 2020 WL 5813320 from the instant case)).

"The [RFC] is an assessment, based upon all of the relevant evidence, of a claimant's remaining ability to do work despite his impairments." *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997) (citing 20 C.F.R. § 404.1545(a)). An individual's RFC is his ability to do physical and mental work activities on a

sustained basis despite limitations secondary to his established impairments. *Delker v. Comm'r of Soc. Sec.*, 658 F. Supp. 2d 1340, 1364 (M.D. Fla. 2009). In determining a claimant's RFC, the ALJ must consider all of the relevant evidence of record. *Barrio v. Comm'r of Soc. Sec.*, 394 F. App'x 635, 637 (11th Cir. 2010). Thus, the ALJ must consider all the claimant's medically determinable impairments, even those not designated as severe. 20 C.F.R. § 404.1545(a)(2). However, the Eleventh Circuit has consistently held that "the claimant bears the burden of proving that he is disabled, and, consequently, he is responsible for producing evidence in support of his claim." *Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003).

Here, the ALJ found at step two that Plaintiff's chronic bilateral low back pain with bilateral sciatica and abnormal gate was non-severe. (Tr. at 15). In doing so, the ALJ addressed the various findings by Dr. Leaman, Dr. Odentunde, and Dr. Kibria. (*See id.* (citing Tr. at 301-03, 326-27, 440-413, 475, 476)). Additionally, the ALJ noted that Plaintiff failed to receive additional testing ordered by Dr. Odentunde, that no other treatment records support the impairment lasting longer than one year, and that Dr. Leaman's 2018 examinations do not establish significant lumbar related impairments or significant difficulty with his gait. (*Id.* (citation omitted)). Thus, the ALJ concluded that "these medically determinable impairments produce[] no more than minimal limitations upon the claimant's ability to perform work-related activities and are non-severe." (*Id.*).

Nevertheless, the ALJ must consider all of the relevant evidence of record when determining the RFC. *Barrio*, 394 F. App'x at 637. Thus, the ALJ was

required to consider the effects of the impairment in conducting the RFC. *See* 20 C.F.R. § 404.1545(a)(2). Upon review of the ALJ's decision, however, the Court cannot determine whether the ALJ properly considered Plaintiff's chronic bilateral low back pain with bilateral sciatica at step four. (*See* Tr. at 17-24).

At step four, the ALJ began by noting that he "considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence, based on the requirements of 20 CFR 404.1529 and SSR 16-3p." (*Id*. at 18). A closer read of the opinion, however, shows that the ALJ never mentioned Plaintiff's chronic bilateral low back pain with bilateral sciatic in the portion of the decision assessing Plaintiff's RFC. (*Id*. at 17-24). Rather, in listing Dr. Odentunde's diagnoses, the ALJ wholly omitted the diagnosis of chronic bilateral low back pain with bilateral sciatica. (*See id.* at 19). Additionally, the portion of the decision assessing Plaintiff's RFC also omitted Dr. Odentunde's musculoskeletal examination findings that Plaintiff had decreased range of motion, tenderness, and pain. (*See id.*). At no other point in the portion of the decision assessing Plaintiff's RFC does the ALJ address Plaintiff's chronic bilateral low back pain with bilateral sciatica. (*See id*. at 17-24). Given the lack of any other discussion of the impairments, the Court finds that the ALJ's omissions of the diagnosis and Dr. Odentunde's findings related to the impairments suggest that the ALJ did not consider Plaintiff's chronic bilateral low back pain with bilateral sciatica when assessing Plaintiff's RFC. Thus, the Court finds that reversal is appropriate. *See Schink v. Comm'r of Soc. Sec.*, 935 F.3d 1245, 1269 (11th Cir. 2019) (citing *Keeton v.*

10

*Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994) for the proposition that "the ALJ's 'failure . . . to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal' in its own right").

Tellingly, Defendant concedes that the ALJ did not address the impairment in this portion of the decision and instead relies on the step two analysis and the ALJ's conclusory statement that he considered all symptoms to argue that the decision should be affirmed. (*See* Doc. 31 at 36-38). The Court does not agree.

In *Schink v. Commissioner of Social Security*, 935 F.3d 1245 (11th Cir. 2019), the Eleventh Circuit rejected a similar argument as it related to mental impairments. *Schink*, 935 F.3d at 1264-70. In *Schink*, the ALJ considered the plaintiff's mental impairments at step two and determined that they were non-severe. *Id.* While the Eleventh Circuit rejected this finding, it noted that the "finding could be harmless if the ALJ nevertheless proceeded in the sequential evaluation, [and] duly considered [the plaintiff's] mental impairment when assessing his RFC." *Id.* at 1268. Upon review of the decision, however, the Eleventh Circuit found that "the content of [the ALJ's] decision demonstrates that [the ALJ] did not" consider all symptoms. *Id.* at 1269. In support, the Eleventh Circuit noted that "[n]early the entire section of the ALJ's opinion relating to RFC discusses [the plaintiff's] physical impairments." *Id.* Additionally, the Eleventh Circuit noted that while the decision notes the mental condition, it lacks any "real discussion" of how the condition affected the RFC. *Id.* Ultimately, the Eleventh Circuit concluded that "[s]evere or not, the ALJ was

required to consider [the plaintiff's] mental impairments in the RFC assessment" and his failure to do so required remand. *Id*.

Although *Schink* is not perfectly analogous, the Court finds its reasoning persuasive and instructive here. Specifically, as in *Schink*, the ALJ here failed to discuss Plaintiff's chronic bilateral low back pain with bilateral sciatica in the portion of the decision relating to the RFC assessment. (*See* Tr. at 17-24). The ALJ was required to do so. *See* 20 C.F.R. § 404.1545(a)(2). Moreover, unlike *Schink* where the ALJ at least minimally discussed the impairment in a biographical manner or as part of a summary of the medical examination related to the other limitations, *see Schink*, 935 F.3d at 1269, the portion of the decision relating to the RFC assessment does not discuss the impairment at all, (*see* Tr. at 17-24). Rather, it facially omits any mention of Dr. Odentunde's diagnosis of chronic bilateral low back pain with bilateral sciatica or his finding that Plaintiff had "lumbar decreased range of motion, tenderness, and pain" both of which are mentioned in the determination of the impairment's severity. (*Compare id*. at 15, *with id*. at 19, 21). Thus, as the Eleventh Circuit concluded in *Schink*, the Court finds that the ALJ "evidently failed" to consider the impairment. *See Schink*, 935 F.3d at 1245.

Furthermore, to the extent that the ALJ addressed Dr. Odentunde's objective findings and may have intended for these findings to relate to Plaintiff's chronic bilateral low back pain with bilateral sciatic, the record shows that the ALJ either

12

misstated or miscited the findings. (*Compare* Tr. at 19, *with* Tr. at 475).[3] Specifically, when considering Dr. Odentunde's objective findings at step four, the ALJ noted that Dr. Odentunde found that Plaintiff "had normal musculoskeletal range of motion, no rigidity or muscular tenderness, and no deformities." (*Id.* at 19). Yet, upon review of the record itself, the Court notes that Dr. Odentunde's musculoskeletal examination actually found that Plaintiff had "decreased range of motion, tenderness and pain" in the lumbar back. (*Id.* at 475). Thus, if the ALJ's citation to this finding was intended to show that he considered Plaintiff's chronic bilateral low back pain with bilateral sciatic – albeit without naming the impairment – the Court finds that the ALJ did not properly consider it. (*See id.* at 19; *see also id.* at 475).

This concern is amplified by the ALJ's assessment of Plaintiff's subjective allegations of pain. Specifically, when assessing Plaintiff's subjective allegations of pain, the ALJ again erroneously noted that Dr. Odentunde found that Plaintiff "had

---

[3] The Court notes that Dr. Odentunde's report shows that during the neck examination, Dr. Odentunde found that the musculoskeletal had a "[n]ormal range of motion and neck supple. No neck rigidity or muscular tenderness." (Tr. at 474). This finding appears to have also been cited to support that the ALJ's finding that Plaintiff's chronic bilateral low back pain with bilateral sciatica and abnormal gait was non-severe. (*Id.* at 15). The finding, however, explicitly relates to Plaintiff's neck, rather than his lower back. (*See id.* at 474). Thus, to the extent the ALJ was referring to the neck examination, the Court finds it unpersuasive to show that the ALJ considered the chronic bilateral low back pain with bilateral sciatic. (*See id.* at 475). Nevertheless, because it is unclear to the Court whether the ALJ was referring to the neck examination findings – which clearly does not account for Plaintiff's diagnosis of chronic bilateral low back pain with bilateral sciatica – or the musculoskeletal examination finding, and the portion of the opinion assessing Plaintiff's RFC is otherwise devoid of any discussion of Plaintiff's chronic bilateral low back pain with bilateral sciatica, the Court construes the reference as relating to the musculoskeletal examination finding and assesses it as such.

13

normal musculoskeletal range of motion, no rigidity or muscular tenderness." (*Id.* at 21 (citing Tr. at 468-76)). Relying, in part, on this finding, the ALJ determined that:

> Due to the above objective findings, limiting the claimant to the performance of light work as defined in the residual functional capacity finding with only occasionally climbing ladders and scaffolds, frequently climbing ramps and stairs, frequently performing postural activities, and avoiding hazards fully accounts for the objective physical examinations in the evidence of record.

(*Id.*). The ALJ then immediately noted that "[a]lthough the claimant had more significant findings later in the record as evidenced by Dr. Kibria and Dr. Odentunde, there is little persuasive evidence to demonstrate that the claimant's impairments would limit[] him to less than the range of work defined in the residual functional capacity finding for a period greater than one year." (*Id.*).[4] Yet, this conclusion is inherently premised, in part, on the erroneous notation that Dr. Odentunde determined that Plaintiff had a "normal musculoskeletal range of motion, no rigidity or muscular tenderness." (*See id.*). Based on this error, it is unclear whether the ALJ would have come to the same conclusion had he properly considered Dr. Odentunde's objective findings. Specifically, because the ALJ determined that Dr. Odentunde's findings, which the ALJ appears to have misstated, suggest "more significant limitations" than other medical sources, (*see id.*), the

---

[4] To the extent this statement could refer to Dr. Odentunde's musculoskeletal examination findings, not otherwise discussed in this portion of the decision, the Court notes that Defendant did not argue the same. Moreover, in light of the lack of any discussion regarding the diagnosis and the musculoskeletal examination findings, the Court cannot determine whether the ALJ properly considered the impairment and remand is nonetheless warranted.

14

distinct possibility remains that the ALJ would have imposed additional limitations on Plaintiff had he fully and properly considered Dr. Odentunde's findings. For this reason, the error cannot be deemed harmless. *Cf. Denomme v. Comm'r, Soc. Sec. Admin.*, 518 F. App'x 875, 877 (11th Cir. 2013) (citing *Diorio v. Heckler*, 721 F.2d 726, 728 (11th Cir. 1983)).

In sum, there is no evidence at step four to satisfy the Court that the ALJ properly considered the impairments. Rather, when listing Dr. Odentunde's diagnoses, the ALJ explicitly omitted the diagnosis of chronic bilateral low back pain with bilateral sciatica or an accurate statement of Dr. Odentunde's musculoskeletal examination findings. (*See* Tr. at 19). Thus, the Court cannot determine whether the ALJ considered all impairments when determining Plaintiff's RFC and remand is, therefore, warranted. *See Schink*, 935 F.3d at 1269.

### B. Plaintiff's Remaining Arguments.

Plaintiff's remaining arguments focus on a number of issues that cannot be resolved until it is clear to the Court that the ALJ properly considered the entire medical evidence of record, including a proper consideration of the effect of Plaintiff's chronic bilateral low back pain with bilateral sciatica, when assessing Plaintiff's RFC. Indeed, a re-evaluation of the impairment may lead the ALJ to find the impairment to be severe and may impact the assessment of Plaintiff's subjective allegations. Moreover, a consideration of these impairments may also affect other elements of the ALJ's decision. As a result, the Court finds that any ruling on

15

Plaintiff's remaining arguments is premature at this time. Upon remand, the ALJ must reevaluate the entire medical evidence of record in evaluating Plaintiff's case.

## VI. Conclusion

Upon consideration of the parties' submissions and the administrative record, the Court finds that remand is appropriate in light of the ALJ's apparent failure to consider Plaintiff's chronic bilateral low back pain with bilateral sciatica in assessing Plaintiff's RFC. Accordingly, the Court **ORDERS** that:

1. The decision of the Commissioner is **REVERSED AND REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g).

2. On remand, the Commissioner must:

    (1) review the entire medical evidence of record and (2) consider Plaintiff's medically determinable chronic bilateral low back pain with bilateral sciatica and abnormal gate when assessing Plaintiff's RFC.

3. The Court suspends application of Local Rule 7.01 in this action. A motion for fees and costs must be filed as a single motion requesting a determination of both entitlement and amount. If Plaintiff prevails on remand, Plaintiff must comply with the November 14, 2012 Order (Doc. 1) in Case Number 6:12-mc-124-Orl-22.

4. The Clerk of Court is directed to enter judgment accordingly, to terminate any pending motions and deadlines, and to close the case.

16

**DONE AND ORDERED** in Fort Myers, Florida on September 10, 2021.

*[signature]*

Mac R. McCoy
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties